UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WILLIAM McDOWELL,                                                                                     Petitioner

v.                                                                                    Case No. 3:16-cv-143-GNS-CHL

JOSEPH MEKO,                                                                                          Respondent

Findings of Fact, Conclusions of Law, and
Recommendation

I.      Introduction

William McDowell filed a petition for writ of habeas corpus and an amended petition. Pet. (DN 1) & Am. Pet. (DN 8). The respondent moved to dismiss the petition as untimely filed. Mot. Dismiss (DN 12). The petitioner responded to the motion to dismiss. Resp. Opp. Mot. Dismiss (DN 13).

The Court referred this matter to the undersigned for findings of fact, conclusions of law, and a recommendation on the respondent's motion to dismiss. For the reasons below, the undersigned recommends that the Court grant the respondent's motion to dismiss.

II.     Findings of Fact

On April 7, 2010, McDowell pleaded guilty to first-degree robbery. J. & Sent. 1 (DN 12-1). On May 28, 2010, the trial court entered an order sentencing him to twelve years in prison. *Id.* at 2.

McDowell did not directly appeal his judgment of conviction. Mot. Dismiss ¶ 3; Pet. 7. On January 25, 2015, he filed a post-conviction motion with the trial court for additional jail time credit. *See* Order Feb. 25, 2015 (DN 13-1).[1] On February 25, 2015, the trial court entered an

---

[1] The respondent refers to this motion as a motion under Kentucky Rule of Civil Procedure 60.02. Mot. Dismiss ¶ 4. A criminal defendant may move for relief from a judgment

order denying McDowell's motion for additional jail time credit. *Id.* McDowell appealed the denial of his motion for additional jail time. *See* Ky. Ct. App. Op. 1 – 4 (DN 1-2) (Page ID #s 37 – 40). The Kentucky Court of Appeals dismissed his appeal for failure to file a timely notice of appeal. *Id.* at 4 (Page ID #40).

On March 4, 2016, McDowell filed this petition for writ of habeas corpus.

III. Conclusions of Law

A. Applicable statute of limitations

The Anti-Terrorism and Effective Death Penalty Act provides a one-year statute of limitations for a state prisoner's petition for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

---

of conviction and sentence based on "newly discovered evidence" or "any other reason of an extraordinary nature justifying relief." Ky. R. Civ. P. 60.02(b) & (f).

28 U.S.C. § 2244(d). "The 1-year limitation period of § 2244(d)(1) plainly serves the well-recognized interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).

A respondent asserting the affirmative defense of the statute of limitations has the burden of demonstrating the statute has run. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Generally, a respondent meets this burden "by pointing to materials already before the district court, namely, by pointing out that the petition itself was filed after the statute had run." *Id.*

The statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 650. The petitioner must be reasonably diligent in pursuing his rights. *Id.* at 653.

B. Analysis

The respondent argues that the statute of limitations bars McDowell's petition. The respondent argues that McDowell's state court judgment became final on June 27, 2010 because McDowell did not file a notice of appeal within thirty days of the judgment. Mot. Dismiss ¶ 3. Therefore, according to the respondent, McDowell had until June 28, 2011, one year after June 27, 2010, to file his federal habeas petition. *Id.* McDowell did not file a post-conviction collateral attack in that period, which would have tolled the statute of limitations. *Id.* at ¶ 4. According to the respondent, McDowell's deadline for filing his federal habeas petition came and went on June 28, 2011. *Id.* at ¶ 3.

McDowell does not dispute that his petition, filed March 4, 2016, is untimely. Accordingly, the undersigned concludes that the respondent has met his burden of showing that

the petition is untimely because the one-year statute of limitations had run. 28 U.S.C. § 2244(d)(1).

McDowell argues that the "one year limitations period is not a jurisdictional bar and is subject to equitable tolling." Resp. 5 (DN 13) (citing *Holland*, 560 U.S. at 645). He argues that he has diligently pursued his rights, and extraordinary circumstances prevented him from timely filing. Resp. 5.

McDowell's main objection to his sentence is that he should have received two years (six hundred sixty-nine days) of credit for the time he served between his arrest and sentencing. Pet. 5; Resp. 1 –2 (DN 13); Pet. Ex. 3 – 4 (DN 1-2) (Page ID #s 29 – 30). His Department of Corrections Resident Record card shows that he received fifty-seven days of jail credit. Pet. Ex. (Page ID # 43). McDowell appears to have written letters to several Kentucky administrative agencies regarding his jail credit, including: the Department of Corrections, the Kentucky Parole Board, and the Attorney General's Office. *See* Pet.'s Ex. (Page ID #s 44, 48, 54).

While he has shown efforts to achieve the relief he seeks through the administrative process, the undersigned concludes that McDowell has not met his burden of showing he diligently pursued his rights in court. Along those same lines, the undersigned concludes that McDowell has not met his burden of showing that extraordinary circumstances prevented him from filing this petition until nearly five years after it was due. Accordingly, the undersigned concludes that McDowell is not entitled to equitable tolling of the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations.

IV. <u>Recommendation</u>

The undersigned recommends that the Court **GRANT** the respondent's motion to dismiss in full.  The undersigned recommends that the Court **DISMISS** McDowell's petition for writ of habeas corpus, **with prejudice**.

Should the Court be inclined to adopt this report and recommendation in full, the undersigned **RECOMMENDS** that the Court **DENY as moot** the respondent's alternative motion for extension of time to file an answer.  *See* Mot. Dismiss ¶ 6.

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations.  A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C).  Within fourteen (14) days after being served, any party may serve and file specific written objections to these findings and recommendations.  *Id.*; Fed. R. Civ. P. 72(b)(2).  Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal.  *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.  Fed. R. Civ. P. 72(b)(2).

cc:  Counsel of record