UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00143-GNS-CHL

WILLIAM MCDOWELL                                                    PETITIONER

v.

JOSEPH MEKO, Warden                                                RESPONDENT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objection (DN 15) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 14).  For the following reasons, Magistrate Judge Lindsay's R&R is **ADOPTED** and Petitioner's Objection is **OVERRULED**.

## I.    BACKGROUND

On April 7, 2010, Petitioner William McDowell ("McDowell") pleaded guilty to first-degree robbery in Jefferson Circuit Court.  (Resp't's Mot. Dismiss 1, DN 12-1 [hereinafter J. & Sent. Order]). On May 28, 2010, the Jefferson Circuit Court entered an order sentencing him to to serve twelve years in prison.  (J. & Sent. Order 2).  McDowell did not appeal his judgment of conviction.  (Pet. Writ Habeas Corpus 7, DN 1).

On January 25, 2015, he filed a post-conviction motion with the Jefferson Circuit Court seeking the application of additional jail time credit for time served and the court denied that motion on February 25, 2015.  (Pet'r's Reply Resp't's Mot. Dismiss Ex. 1, at 1-3, DN 13-1).  On April 13, 2015, McDowell appealed the denial of his motion and the Kentucky Court of Appeals

dismissed the appeal as untimely.  (Pet. Writ Habeas Corpus, Ex. 1, at 1-4, DN 1-2).  McDowell

filed his petition for habeas corpus relief on March 4, 2016.  (Pet. Writ Habeas Corpus).

## II.    JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in

behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. §

2254(a).

## III.    DISCUSSION

In general, this Court conducts a *de novo* review of the portions of a United States

magistrate judge's report and recommendation to which a party objects.  *See* 28 U.S.C. §

636(b)(1).  In conducting its review, this Court "may accept, reject, or modify, in whole or in

part, the findings or recommendations [of] . . . the magistrate judge." *Id.*

The Magistrate Judge concluded that McDowell's habeas corpus petition was time-barred

under the applicable statute of limitations.  (R. & R. 4, DN 14).  McDowell's asserts a variety of

objections to the Report & Recommendation ("R&R"),[1] but most do not relate to the conclusions

made by the Magistrate Judge.  McDowell's only objection to the application of the statute of

limitations is merely that he "explained away" the time bar to his suit in his Response to

---

[1] The other objections made by McDowell are also meritless.  McDowell avers that because the Respondent did not respond to his substantive allegations and merely raised a statute of limitations argument, the Respondent did not comply with this Court's order asking Respondent to "address the allegations in the petition."  (Pet'r's Obj. 1; Order 1, DN 9).  This is without merit, as Respondent invoked a viable statute of limitations defense to the merits of Petitioner's claim.  Moreover, although it has no bearing on the outcome of this matter, McDowell states that his claims are misconstrued by Respondent.  McDowell argues that he is making claims against the Department of Corrections' sentencing categorization and not against his original judgment.  Therefore, even if the McDowell's claim were timely, it would not survive as McDowell's habeas petition does not relate to his state court judgment.  *See Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."  (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991))).

Respondent's Motion to Dismiss.  (Pet'r's Obj. 1).  McDowell's attempt to "explain away" the procedural bar was his assertion that the statute should be equitably tolled.  (Pet'r's Reply Resp't's Mot. Dismiss 5, DN 13, [hereinafter Pet'r's Reply]).  In support, he cites letters he sent to various state agencies regarding the application of jail time credit to which he claims he is entitled.  (Pet'r's Reply 5).  The Court agrees with the R&R that "[w]hile he has shown efforts to achieve the relief he seeks through the administrative process, . . . McDowell has not met his burden of showing he diligently pursued his rights in court."  (R. & R. 4).  Additionally, McDowell has not demonstrated that extraordinary circumstances prevented him from seeking his federal court remedies.  Therefore, the Court agrees with the R&R and finds that the federal habeas corpus petition is time-barred.

Furthermore, McDowell objects to the R&R's denial of a certificate of appealability. McDowell's objection merely reiterates the standard for issuance of a certificate of appealability. The Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000), established a two-prong test that is used to determine when a certificate of appealability should be issued when a writ of habeas corpus is denied on procedural grounds.  *Id.* at 484-85.  The test requires the petitioner to show that:  (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

McDowell cannot satisfy the second prong of the test. Reasonable jurists could not disagree that McDowell's Petition is time-barred, as it was filed nearly five years from the date his state court judgment became final.  (J. & Sent. Order 2; Pet. Writ Habeas Corpus).  Thus, this Court agrees with the Magistrate Judge that a certificate of appealability should be denied.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Petitioner's Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 15) are **OVERRULED**;

2.      The Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation (DN 14) are **ADOPTED** as and for the opinion of this Court;

3.      Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED** as untimely;

4.      The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

5.      Respondent's Motion for Extension of Time to File an Answer (DN 12) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
February 17, 2017

cc:      counsel of record
         Plaintiff, *pro se*

4